

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00313-CR

MICHAEL DENNIS O'CONNOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 372nd District Court
Tarrant County, Texas[1]
Trial Court No. 1863313, Honorable Julie Lugo, Presiding

July 22, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Michael Dennis O'Connor, appeals from the trial court's judgments convicting him of engaging in organized criminal activity and two counts of theft. Appellant's court-appointed appellate counsel has filed an *Anders*[2] brief and a motion to

---

[1] This case was transferred to this Court from the Second Court of Appeals pursuant to the Supreme Court of Texas's docket-equalization procedures. *See* TEX. R. APP. P. 41.3. We apply the precedent of the transferor court to the extent it differs from our own.

[2] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

withdraw.  Because our independent review confirms that no arguable ground for appeal exists, we grant counsel's motion and affirm.

## BACKGROUND

A Tarrant County grand jury indicted Appellant on one count of engaging in organized criminal activity, with the predicate offense of aggregated theft of property valued at least $30,000 but less than $150,000,[3] a third-degree felony, theft of property valued at least $2,500 but less than $30,000,[4] a state jail felony, and engaging in organized criminal activity,[5] a third-degree felony.  The indictment also contained a repeat-offender notice alleging a prior felony conviction for burglary.  Appellant entered open pleas of guilty to each count and pleaded true to the enhancement paragraph.  The trial court ordered a presentence investigation report and set the matter for a punishment hearing.

At the punishment hearing, the trial court sustained Appellant's objections to two portions of the presentence investigation report that referenced unsubstantiated claims of profit and admitted the remainder.  The State presented evidence about a series of multi-state thefts of handheld scanning devices.  After hearing the evidence and argument of counsel, the trial court found Appellant guilty on each count, found the enhancement allegation true, and assessed concurrent sentences of five years of confinement in the Institutional Division of the Texas Department of Criminal Justice.  This appeal followed.

---

[3] *See* TEX. PENAL CODE § 31.03(a), (e)(5).

[4] *See id.* § 31.03(a), (e)(4)(A).

[5] *See id.* § 71.02(a)(1), (b).

When court-appointed appellate counsel, after a conscientious examination of the record, concludes that an appeal is frivolous, counsel must file a brief identifying anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744. Counsel must also serve the client with copies of the brief and the motion to withdraw and must inform the client of the right to file a pro se response and a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). This Court, in turn, must independently examine the record to determine whether any nonfrivolous issue exists. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Counsel's brief satisfies these requirements. It offers a professional evaluation of the record and explains why no arguable ground for reversal exists. *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978); *In re Schulman*, 252 S.W.3d at 406 n.9. Counsel has certified that he provided Appellant with copies of the brief, the motion to withdraw, and the appellate record, and that he informed Appellant of the right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Appellant has not filed a response.

Our independent review of the record confirms counsel's assessment. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). The indictment tracks the language of the applicable statutes and vested the trial court with jurisdiction. *See* TEX. PENAL CODE §§ 71.02(a)(1), 31.03(a), (e)(5), 31.09; *State v. Yount*, 853 S.W.2d 6, 8–9 (Tex. Crim. App. 1993). The record reflects that Appellant's guilty pleas were entered

knowingly, intelligently, and voluntarily with sufficient awareness of the relevant circumstances and likely consequences. Each five-year sentence falls within the applicable statutory range after the enhancement findings: first-degree for the organized criminal activity count and second-degree for the theft counts. The sentences are not constitutionally disproportionate, and no jurisdictional defect or preserved error appears on the record.

Finding no arguable ground for appellate review, we grant counsel's motion to withdraw and affirm the trial court's judgments.[6]

Lawrence M. Doss
Justice

Do not publish.

---

[6] Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Appellant and to advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.